UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:10-cv-60627-AJ

AUDREY SHAPIRO,

Plaintiff,

vs.

THE BALMORAL CONDOMINIUM ASSOCIATION, INC.,

Defendant.
_______________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW, the Defendant, THE BALMORAL CONDOMINIUM ASSOCIATION, INC. (hereinafter "Defendant"), by and through the undersigned counsel, and pursuant to Federal rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), and hereby files this Motion to Dismiss Plaintiff's Complaint, and in support thereof, states as follows:

**FACTUAL BACKGROUND**

This action involves a claim for the recovery of overtime wages arising out of Plaintiff's prior employment with Defendant. The Balmoral Condominium Association, Inc. ("Balmoral" or "Association") is a Florida non-profit corporation. *See,* Exhibits A and B, attached hereto. [1] Audrey Shapiro ("Plaintiff") is a Florida resident who formerly worked for Defendant as a gourmet food/convenience store manager. *See,* Complt. ¶¶ 11, 12; Aff. of Marcia Chonchol, attached hereto as Exhibit B.

---

[1] Balmoral relies on the case law and argument cited in the "Legal Standard Governing a Motion to Dismiss" section above to establish the Court's ability to consider the Exhibits attached to this Motion.

On April 23, 2010, Plaintiff filed a Complaint against Defendant, which was served upon it on or about May 20, 2010.[2] The Complaint alleges that Plaintiff worked for Defendant from approximately December 22, 2008 to February 12, 2010, and that during one or more work weeks Defendant did not pay Plaintiff time and one half of her regular rate of pay for overtime hours worked in violation of the Fair labor Standards Act ("FLSA"). *See,* Compl. ¶¶ 11, 15. Based upon such claims, Plaintiff seeks recovery of unpaid wages, liquidated damages, attorneys' fees, and costs.

## SUMMARY OF THE ARGUMENT

Plaintiff's action should be dismissed because this Court lacks subject-matter jurisdiction over the case. Specifically, Balmoral is not subject to the provisions of the FLSA because it does not meet the criteria for enterprise liability under the FLSA. Moreover, Plaintiff is not governed by the FLSA because she does not meet the criteria for individual coverage under the Act. Consequently, Plaintiff fails to satisfy her burden of demonstrating that this matter falls within the Court's subject matter jurisdiction. *See, Makro Capital of America, Inc. v. UBS AG,* 436 F. Supp. 2d 1342, 1345 (S.D. Fla. 2006).

## LEGAL STANDARD GOVERNING A MOTION TO DISMISS

Florida Rules of Civil Procedure 12(b)(1) and 12(h)(3) provide for the dismissal of an action due to a lack of subject-matter jurisdiction. Additionally, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hirshon v. King & Spotting,* 467 U.S. 69, 73 (1984); *See also, Hazel v. School Board of Dade County,*

[2] On May 27, 2010, Defendant filed an Unopposed Motion for Enlargement of Time Within Which to File a Response to Plaintiff's Complaint, which was granted on May 28, 2010, providing Defendant until June 10, 2010 to file its Response to the Complaint. On June 10, 2010, Defendant filed an Unopposed Motion for Additional Enlargement of Time Within Which to File a Response to Plaintiff's Complaint, which was granted on June 11, 2010, providing Defendant until June 17, 2010 to file its Response to the Complaint.

*Florida*, 7 F.Supp.2d at 1352 (S.D. Fla. 1998) (*quoting Conely v. Gibson*, 355 U.S. 41, 45-46 (1957) (holding that a motion to dismiss will be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief")); *Mallo v. Public Health Trust of Dade Cty*, 88 F. Supp. 1376 (S.D. Fla. 2000). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint. *Hazel*, 7 F.Supp.2d at 1352.

In making a determination relative to the sufficiency of the Complaint, a court may generally not consider documents outside the pleadings on Rule 12(b)(6) motions. *Leonard F. v. Israel Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999). However, courts may consider documents that are central to a plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F. 3d 1337, 1340 n.3 (11th Cir. 2005); *Harris v. Ivax Corp.*, 182 F. 3d 799, 802 n.2 (11th Cir. 1999). In the specific context of FLSA cases in which jurisdiction is being challenged, an affidavit from a manager or owner of the company, submitted with a motion to dismiss, may be considered without converting the motion to dismiss into a motion for summary judgment and without any additional discovery. *Russell v. Continental Restaurant, Inc.*, 430 F. Supp.2d 521, 524 (D. Md. 2006) (granting motion to dismiss filed by restaurant sued by a waitress, and disallowing any discovery with regard to the tax returns and affidavit submitted with the motion). In the above-captioned case, facts regarding Balmoral's corporate status, operational functions, and annual gross income, as well as facts regarding Plaintiff's job responsibilities, are central to Plaintiff's claim regarding FLSA coverage and Balmoral's defense

of lack of subject matter jurisdiction. As such, the few documents and affidavit attached hereto evidencing such facts may be considered by this Court.

Dismissal of a complaint is appropriate on the basis of a dispositive issue of law or when there is no necessity to construe factual allegations contained within the complaint. *Marshall Cty Bd. of Ed. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171 (11th Cir. 1993). If the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts to support his claim, then a motion to dismiss should be granted. *Mallo v. Public Health Trust of Dade Cty*, 88 F. Supp. 1376 (S.D. Fla. 2000).

As Defendant will demonstrate herein, Plaintiff has not stated any facts which would entitle her to the relief requested in the Complaint and, accordingly, the claim asserted against Defendant should be dismissed with prejudice.

## MEMORANDUM OF LAW

### Plaintiff's Compliant Must Be Dismissed Due to a Lack of Subject Matter Jurisdiction

This Court is without subject matter jurisdiction over the above-captioned case as a result of the fact that neither the Association nor Plaintiff is covered by the FLSA. The FLSA provides coverage in the following two circumstances: (1) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"), and (2) where an employee is engaged in commerce or in the production of goods for commerce ("individual coverage"). *Junkin v. Emerald Lawn Maint. and Landscaping, Inc.*, 2005 WL 2862079 (M.D. Fla. 2005). *See also, Ares v. Manuel Diaz Farms, Inc.*, 318 F. 3d 1054, 1056 (11th Cir. 2003); *Johnson v. Transmission Serv., Inc.*, 16 Fed. Appx. 638 (9th Cir. 2001) (ruling that the first step a plaintiff in a FLSA case must take is to show that the Act covers either the plaintiff or the defendant corporation). Importantly, the employee bears the burden of

establishing that she or her employer was engaged in activities falling within the scope of the FLSA's coverage. *Casseus v. First Eagle, LLC*, 2008 WL 1782363 (S.D. Fla. 2008). Such rule is the result of the fact that the burden of proof in connection with a challenge to subject-matter jurisdiction lies with the party invoking the court's jurisdiction, namely, the plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (holding that "the burden is on the plaintiff to prove that jurisdiction exists").

Significantly, "[i]n enacting the FLSA, Congress did not exercise its full Commerce Clause power." *Joles v. Johnson Cty Youth Serv. Bureau, Inc.*, 885 F.Supp. 1169, 1174 (S.D. Ind. 1995). In fact, "Congress' primary purpose in refus[ing] to extend [the] FLSA's coverage to its constitutional maximum was to leave regulation of 'local' business to the states." *Johnson v. Spacefone Corp.*, 706 F.2d 1178, 1182 (11th Cir. 1983). As demonstrated herein, Plaintiff is wholly unable to carry her burden of establishing coverage under the FLSA under either of the two above-referenced theories.

### A. The Association Does Not Meet the Criteria for Enterprise Coverage Under the Fair Labor Standards Act.

In order for a Defendant to be covered by the FLSA, it must be an "enterprise engaged in commerce or in the production of goods for commerce." The FLSA specifies than an

> [e]nterprise engaged in commerce or in the production of goods for commerce means an enterprise that –
> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retain level that are separately stated).

29 U.S.C. § 203(s)(1)(A)(ii) (emphasis added). Thus, for a Defendant to be subject to the provisions of the FLSA, a plaintiff must establish that the business satisfies both elements of the

two-prong test outlined above. *Safe Hurricane Shutters, Inc.*, 578 F. Supp. 2d 1363 (S.D. Fla. 2008). Significantly, the above-referenced statute and case law makes clear that if a business does not gross $500,000.00, it is not covered by the FLSA, and a Plaintiff is precluded from bringing a FLSA claim on a theory of enterprise liability. Applying this rule, the appellate court in *Johnson v. Transmission Serv., Inc.* affirmed the trial court's dismissal of the case because the plaintiff offered no proof of amount of sales or income to the business such as is required to demonstrate that the corporation was subject to enterprise liability. 16 Fed. Appx. 638 (9th Cir. 2001). Similarly, in *Alonso v. Dolphin Exterminating Co.*, the Eleventh Circuit held that the defendant "did not attain enterprise coverage until 2002 when it grossed in excess of $500,000 in sales." 147 Fed. Appx. 815 (11th Cir. 2005).

In light of the above-outlined law requiring a company's annual gross volume of sales made or business done to be at least $500,000 in order to be subject to the provisions of the FLSA, it is logical that not-for-profit entities would fall outside of the FLSA's coverage. Indeed, non-profit agencies are not covered by the FLSA unless it is shown that the non-profit organization engages in commercial activities in competition with other commercial enterprises. *Kitchings v. The Florida United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1295 FN 29 (M.D. Fla. 2005) (citing *Briggs v. Chesapeake Volunteers In Youth Services, Inc.*, 68 F. Supp. 2d 711, 715 (E.D. Va. 1999)); *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 299 (1985). Balmoral is a non-profit corporation operating as a condominium association that manages Balmoral's condominium community. *See,* Exhibit A, attached hereto, and Aff. of Chonchol, attached hereto as Exhibit B. As such, it is clear that such Association itself does not engage in commercial activities in competition with commercial enterprises. Not surprisingly, Plaintiff has neither established, nor even alleged, that the Association engages in

commercial activities in competition with other commercial enterprises. Importantly, Balmoral was neither created for the benefit of, nor serves, the general public. *See,* Aff. of Chonchol, attached hereto as Exhibit B. By contrast the Association was created for the benefit of, and serves, Balmoral residents. *Id.*[3] Thus, it follows that Defendant is not covered by the FLSA.

Moreover, even if it were to be determined that Balmoral engages in commercial activities in competition with other commercial enterprises, and, thus, does not fall within the "non-profit" exemption, Balmoral would still not be subject to enterprise coverage under the FLSA because it did not gross more than $500,000.00 during any year in which Plaintiff was employed by it. It is noted that Plaintiff's Complaint contains a conclusory allegation that the $500,000.00 gross income requirement is met; however, Plaintiff offers no facts in support of such bare conclusion. Specifically, Plaintiff fails to allege the year or years in which Balmoral grossed such dollar amount, or any facts evidencing that such amounts were ever grossed. As such, Plaintiff's bare conclusion is insufficient to withstand Balmoral's Motion to Dismiss.

Importantly, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Indeed, recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009).

---

[3] Balmoral's gourmet food/convenience store located on Balmoral's premises, in which Plaintiff worked, was neither opened for the benefit of, nor serves, the general public. *See,* Aff. of Chonchol, attached hereto as Exhibit B. By contrast, the gourmet food/convenience store was opened for the benefit of, and serves, Balmoral residents. *Id.*

Similarly, a complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 557). Further, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation," or unwarranted deductions of fact. *Bell Atlantic Corp.*, 550 U.S. at 555 (citing *Papasan,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *South Florida Water Management District v. Montalvo*, 84 F. 3d 402, 409 n. 10 (11th Cir. 1996). Significantly, in evaluating a Complaint for sufficiency, a court must not assume that the plaintiff can prove facts not alleged or that the defendant violated relevant laws in ways not alleged. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp. S.A.*, 711 F. 2d 989, 995 (11th Cir. 1983). It follows from the above-referenced discussion that Plaintiff's bare allegation that the $500,000.00 requirement is met is insufficient.

Importantly, and contrary to Plaintiff's allegation, the total gross income for Balmoral never reached $500,000.00 during any year at issue in the subject lawsuit. *See*, Aff. of Chonchol, attached hereto as Exhibit B. To be sure, the Association's gross income from sales made/business done during the 2008 and 2009 years totaled $174,117.00 and $132,790.00 respectively, consisting of rental income, work orders, laundry, and "other." *See,* Aff. of Chonchol and Balmoral's 2008 income tax return[4], attached hereto as Exhibits B and C. During the first four months of 2010, Balmoral's gross income from sales/business done totaled $1,581.94, consisting of work orders, laundry, and non-insurance-payment-related "miscellaneous." *See,* Aff. of Chonchol, attached hereto as Exhibit B. Notably, review of income tax returns from the period of the plaintiff's employment and affidavits of the plaintiff's employer are accepted measures of revenues for purposes of considering enterprise coverage. *See e.g., Russell v. Continental Restaurant, Inc.*, 430 F.Supp.2d 521, 524 (D. Md. 2006)

[4] Balmoral's 2009 income tax return has not yet been finalized and filed.

(dismissing action for lack of subject matter jurisdiction where affidavit and tax returns submitted by employer reflect gross sales volume less than $500,000, and refusing to permit discovery on the issue); *Xelo v. Mavros,* 2005 WL 2385724 (E.D.N.Y. 2005) (finding no enterprise coverage based on gross receipts reported in tax returns from the years during which the plaintiff claimed unpaid overtime compensation); *Lenca v. Laran Enters., Inc.,* 388 F.Supp. 782, 784 (N.D. Ill. 1974) (dismissing case for lack of subject matter jurisdiction based on affidavit from the employer that its gross sales or business during the plaintiff's employment was less than $100,000.00); *Lopez v. Top Chef Investment, Inc.*, 2007 WL 4247646, *3 (S.D. Fla. 2007) (rejecting plaintiff's conclusory assertions that defendants had understated their income on their federal tax returns and accepting the gross income figure on defendants' federal tax return in considering whether enterprise coverage existed); *Florez v. Nuvoc, Inc.*, 610 F. Supp. 2d 1349, 1356 (S.D. Fla. 2008); *Johnson v. Express Service Messenger & Trucking, Inc.*, 2008 WL 2944899 (S.D. Fla. 2008); *Guzman v. Irmadan*, 551 F. Supp. 2d 1368 (S.D. Fla. 2008); *Cordero v. Red Grouper, Inc.*, 2008 WL 1781158 (M.D. Fla. 2008). Balmoral's above-referenced earnings for the 2008 through 2010 years fall far short of the FLSA's annual $500,000.00 benchmark.[5] Thus, it follows that the second prong of the enterprise coverage test is lacking, resulting with Balmoral not being deemed an "[e]nterprise engaged in commerce or in the production of commerce" pursuant to 29 U.S.C. § 203(s)(1)(A), and, thus, falling outside of the

[5] The annual gross volume of sales made or business done by Balmoral's gourmet food/convenience store, which opened in 2009, was significantly less than $500,000 throughout its existence and the timeframe that Plaintiff worked for Balmoral. *See,* Aff. of Chonchol, attached hereto as Exhibit B. In fact, the store has operated at a loss throughout its entire existence. *Id.* The store operated at a loss of approximately $52,000.00 in 2009. *Id.* During the first four months of 2010, the gourmet shop transactions totaled a negative $4,325.42. *Id.*.

scope of the FLSA. Accordingly, there is no basis for Plaintiff to invoke the subject matter jurisdiction of this Court through a theory of enterprise coverage.[6]

### B. Plaintiff Does Not Meet the Criteria for Individual Coverage under the Fair Labor Standards Act.

As discussed above, for a plaintiff to be covered by the FLSA, he or she must be either engaged in interstate commerce, or engaged in the production of goods for interstate commerce.[7] *See*, 29 U.S.C. § 207; *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F. Supp. 2d 1312 (S.D. Fla. 2008); *D.A. Schulte, Inc. v. Gange*, 328 U.S. 108, 121 (1946); *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942). It is clear that Plaintiff was not engaged in the production of goods at all, let alone for interstate commerce. To be sure, Plaintiff's Complaint does not even make any allegations in such regard. By contrast Plaintiff claims that she was engaged in commerce. Notably, the burden of proof to establish the engagement in such activity falls solely and squarely on the employee. *D.A. Schulte, Inc.*, 328 U.S. at 121; *Warren-Bradshaw Drilling Co.*, 317 U.S. at 90; *Junkin*, 2005 WL 2862079 at *3 (citations omitted). To determine whether an employee was engaged in interstate commerce, a court must focus its inquiry on the activities of the employee as opposed to the business of the employer. *See Mitchell v. Lublin McGaughy & Assocs.*, 358 U.S. 207, 211 (1959); *see also Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1267-68 (11th Cir. 2006); *Russell*, 430 F.Supp.2d at 524.

---

[6] It is unnecessary to address the "employees engaged in commerce" prong of the above-outlined test for enterprise coverage because, as discussed above, Plaintiff's failure to satisfy the $500,000.00 requirement prevents Balmoral from being subject to enterprise coverage. *See also*, *Tripodi v. Microculture, Inc.*, 397 F.Supp.2d 1308, 1313-14 (C.T. Utah 2005) (emphasizing that where Defendants grossed less than $500,000 per year, "whether they engaged in commerce or had employees engaged in commerce is not relevant, because Defendants do not otherwise meet the definition of an enterprise engaged in commerce").

[7] The term "commerce" means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. §203(b).

By examining the legislative history and the express language of the FLSA, the Supreme Court has determined and articulated that it is the intent of Congress to regulate only activities constituting commerce and to protect only those individuals *engaged* in commerce, instead of activities and individuals merely *affecting* commerce. *Thorne,* 448 F.3d 1264 (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497); *Russell*, 430 F.Supp.2d at 524-525. "Therefore, for an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce[8] by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2) and *McLeod v. Threlkeld*, 319 U.S. at 493-98 (finding that the "plaintiff's activities were purely local, and he was not engaged in commerce when he merely cooked and cleaned for railroad workers."). It has also been held that an employee is engaged in the actual movement of persons or things in interstate commerce for the purposes of the FLSA if (1) his activities are so "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity;" and (2) "a substantial part of the employee's work is related to interstate commerce." *Casanova v. Morales*, 2007 WL 4874773 (S.D. Fla. 2007) (internal citations omitted); *Kitchings*, 393 F. Supp.2d at 1293 n.26 (quoting *Boekemeier v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp.2d 280, 287 (S.D. N.Y. 2000) and citing *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572 (1943)).

[8] This Court adopted such standard in evaluating the existence of enterprise coverage in *Obregon v. JEP Family Enterprises, Inc.*, 2010 WL 1816183 at *2 (S.D. Fla. 2010).

In her Complaint, Plaintiff makes the conclusory allegation that she "was individually engaged in commerce while working for Defendant." *See,* Complt ¶ 9. However, Plaintiff fails to allege a single fact in support of such bare bones conclusion. Specifically, Plaintiff fails to allege the tasks she performed, how often she performed them, or how any such mystery tasks constitute the engagement in commerce. As such, Plaintiff's Complaint is insufficient. As discussed above, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Indeed, recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009). Similarly, a complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Further, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation," or unwarranted deductions of fact. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *South Florida Water Management District v. Montalvo*, 84 F. 3d 402, 409 n. 10 (11th Cir. 1996). Significantly, in evaluating a Complaint for sufficiency, a court must not assume that the plaintiff can prove facts not alleged or that the defendant violated relevant laws in ways not alleged. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp. S.A.*, 711 F. 2d 989, 995 (11th

Cir. 1983). It follows from the above-referenced discussion that Plaintiff's bare allegation that the "individual engagement in commerce" requirement is met is insufficient.

Importantly, and contrary to Plaintiff's allegation, she was not individually engaged in commerce while working for Balmoral. To be sure, it is clear that Plaintiff did not work for an instrumentality of interstate commerce. Indeed, Plaintiff neither worked in the transportation nor communication industry, and, instead, worked for a not-for-profit condominium association, located in Bal Harbour, Florida. Additionally, Plaintiff has neither established, nor even alleged, that she corresponded with merchants outside of the state of Florida using the mail, phone, or fax, or made purchases of goods from out-of-state vendors. By contrast, the facts of the case establish that Plaintiff did not engage in such activities. As outlined below in greater detail, Plaintiff's work included simply selling food prepared by a restaurant located on Balmoral's premises, and selling food and essential items purchased from local stores within a single county within the state of Florida to Balmoral residents located within a single county within the state of Florida. *See,* Aff. of Chonchol, attached hereto as Exhibit B. Without alleging and bringing forth evidence that Plaintiff's work included anything more than same, Plaintiff has failed to meet her burden necessary to invoke this Court's subject matter jurisdiction. Thus, as a matter of law, Plaintiff did not directly participate in the actual movement of persons or things in interstate commerce by working for an instrumentality of interstate commerce or regularly using the instrumentalities of interstate commerce in her work.

Moreover, none of Plaintiff's job responsibilities were related to the functioning of an instrumentality or facility of interstate commerce at all, let alone so directly and vitally related as to be, in practical effect, a part of it. Specifically, Plaintiff's work included selling to Balmoral residents located within Miami-Dade County within the state of Florida (1) drinks prepared on

the premises of Balmoral's gourmet food/convenience store located on the premises of Balmoral, (2) food prepared by a restaurant exclusive to Balmoral residents and their guests located on the premises of Balmoral, (3) food purchased from and prepared by local vendors within Miami-Dade County within the state of Florida, and (4) basic food items such as eggs, milk, bread, and candy, and other essential items such as detergent, paper towels, and toothpaste purchased from local vendors within Miami-Dade County within the state of Florida. *See,* Aff. of Chonchol, attached hereto as Exhibit B. It is clear that such local activities do not constitute the engagement of interstate commerce for purposes of invoking the provisions of the FLSA under an "individual coverage" theory. Indeed, selling food and essential products prepared by or purchased from itself or local vendors for a residential condominium association within Miami-Dade County to its residents has no impact on interstate commerce.

To the extent that Plaintiff attempts to allege that she engaged in commerce because she used, handled, and/or purchased goods that traveled in interstate commerce in connection with her work for Balmoral, such is insufficient to result with individual coverage under the FLSA. Indeed, it is well-settled that an employee's activities are not rendered interstate commerce simply because the employer transports, handles, or purchases goods which had previously moved in interstate commerce. Importantly, courts distinguish between merchants who bring commerce across state lines for sale, and the ultimate consumer, who merely purchases goods that previously moved in interstate commerce for intrastate use. *Thorne,* 448 F.2d at 1266, 1267 (11th Cir. 2006).[9] "When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the Act." *Id; Joles v. Johnson Cty. Youth Serv. Bureau, Inc.*, 885 F.Supp. 1169,

[9] In *Obregon*, this Court held that coverage does not exist where out-of-state goods are purchased from a local store for local use.

1178 (S.D. Indiana 1995). In further illustration of such key distinction, handlers of goods for a wholesaler who moves them interstate on order to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not. *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943). *See also, Junkin v. Emerald Lawn Maintenance & Landscaping, Inc.*, 2005 WL 2862079, *1 (M.D. Fla. 2005) (holding that there was no individual coverage because "[t]he Court is not persuaded that the mere act of transporting goods that previously found themselves in the flow of interstate commerce means that an employee 'engaged in commerce' and is thus subject to 'individual coverage' under the FLSA"); *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008) (holding that the plaintiff's collection and transportation of motor parts that had traveled in interstate commerce from local auto parts stores for installation of the parts into vehicles of the defendant's local customers was purely intrastate activity not covered under the Act); *Russell v. Continental Restaurant, Inc.*, 430 F. Supp.2d 521, 526-27 (rejecting the argument that handling produce from out-of-state demonstrates that a restaurant employee is engaged in interstate commerce, citing *Thorne* for proposition that there is no individual coverage for employees "who handle goods after employer acquires the goods for local disposition, and granting dismissal for lack of subject matter jurisdiction); *Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368 (S.D. Fla. 2008) (granting summary judgment on issue when the plaintiff was remodeling residences for the employer, even though the plaintiff picked up and purchased at retail stores various items needed for work); *Casanova v. Morales*, 2007 WL 4874773, *1 (S.D. Fla., Aug. 3, 2007).

It is clear from the above discussion and the facts of this case that Plaintiff simply was not involved in any manner whatsoever in the actual movement of persons or goods in interstate

commerce, much less that the participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA. Plaintiff simply worked as a gourmet food/convenience store manager located within a single condominium community in a single county within Florida, and the items that she purchased and handled for the store came from local stores, were for local use, and were clearly at rest and no longer in interstate commerce. *See,* Aff. of Chonchol, attached hereto as Exhibit B; *See generally, Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008) (holding that the instate purchase of automotive parts from wholesalers and retailers that were manufactured or traveled outside Florida does not constitute the engagement in commerce, because the parts were at rest and out of the stream of commerce). Importantly, Balmoral operates exclusively within the state of Florida, within Miami-Dade County, and its customers are located instate, and more specifically, in Miami-Dade County. *See,* Aff. of Chonchol, attached hereto as Exhibit B. Defendants have submitted sufficient evidence to show that Defendant is a local entity, whose residents and customers are local, "and the items used in the business proliferated this goal of local service." *Polycarpe v. E & S Landscaping Serv., Inc.*, 572 F.Supp.2d 1318, 1321-22 (S.D. Fla.2008). In sum, Plaintiff's activities are not rendered interstate commerce simply because Plaintiff purchased goods which may have previously moved in interstate commerce. *See generally, Thorne* at 1268.

It follows from the above discussion that Plaintiff has failed to meet her burden of establishing individual coverage in order to invoke this Court's subject matter jurisdiction over his FLSA claim.

## CONCLUSION

In conclusion, Plaintiff's action should be dismissed because this Court lacks subject-matter jurisdiction over the case. Specifically, Balmoral is not subject to the provisions of the FLSA because it does not meet the criteria for enterprise liability under the FLSA. Additionally, Plaintiff is not governed by the FLSA because she does not meet the criteria for individual coverage under the Act. Consequently, Plaintiff fails to satisfy her burden of demonstrating that this matter falls within the Court's subject matter jurisdiction.

WHEREFORE, Defendant respectfully requests this Honorable Court find that it lacks subject matter jurisdiction over the subject case, and, therefore, enter an Order granting Defendant's Motion to Dismiss Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 17th day of June 2010, we electronically filed the foregoing document with the Clerk of Court using EM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By: ______________________
JONATHAN VINE
FBN: 010966
NICOLE PANITZ
FBN: 17430

**SERVICE LIST:**
Todd W. Shulby, Esq,
Todd W. Shulby, P.A.
4705 S.W. 148th Ave., Suite 102
Davie, FL 33330-2417
*Counsel for Plaintiff*

**VIA EM/ECF**

L:\1918-0892-00\P\D's MTD P's Complt.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:10-cv-60627-AJ

AUDREY SHAPIRO,

Plaintiff,

vs.

THE BALMORAL CONDOMINIUM ASSOCIATION, INC.,

Defendant.
_______________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# Exhibit "A"

FLORIDA DEPARTMENT OF STATE
DIVISION OF CORPORATIONS

Home | Contact Us | E-Filing Services | Document Searches | Forms | Help

Previous on List | Next on List | Return To List | Entity Name Search

Events | No Name History | Submit

# Detail by Entity Name

## Florida Non Profit Corporation

THE BALMORAL CONDOMINIUM ASSOCIATION, INC.

## Filing Information

| | |
|---|---|
| **Document Number** | 743679 |
| **FEI/EIN Number** | 591843961 |
| **Date Filed** | 07/24/1978 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | CANCEL ADM DISS/REV |
| **Event Date Filed** | 10/14/2009 |
| **Event Effective Date** | NONE |

## Principal Address

9801 COLLINS AVE.
BAL HARBOUR FL 33154

Changed 05/22/1986

## Mailing Address

9801 COLLINS AVE.
BAL HARBOUR FL 33154

Changed 05/22/1986

## Registered Agent Name & Address

SOLER, PEDRO J
9801 COLLINS AVE
BAL HARBOUR FL 33154 US

Name Changed: 12/15/2008

Address Changed: 12/15/2008

## Officer/Director Detail

**Name & Address**

Title P

SHAAB, IRWIN
9801 COLLINS AVE UNIT 14-V
BAL HARBOUR FL 33154

Title VP

GOLDSMITH, SIDNEY
9801 COLLINS AVE UNIT 8-E
BAL HARBOUR FL 33154

Title S

ALTER, NEIL
9801 COLLINS AVE UNIT 11-U
BAL HARBOUR FL 33154

Title T

CHONCHOL, MARCIA
9801 COLLINS AVE., UNIT 20-E
BAL HARBOUR FL 33154

Title D

SELEVAN, JERRY
9801 COLLINS AVE UNIT 7-C
BAL HARBOUR FL 33154

Title D

RESSLER, PETER
9801 COLLINS AVE UNIT 17-O
BAL HARBOR FL 33154

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2008 | 01/31/2008 |
| 2009 | 10/14/2009 |
| 2010 | 01/18/2010 |

## Document Images

| | |
|---|---|
| 01/18/2010 -- ANNUAL REPORT | View image in PDF format |
| 10/14/2009 -- REINSTATEMENT | View image in PDF format |
| 12/15/2008 -- Reg. Agent Change | View image in PDF format |
| 01/31/2008 -- ANNUAL REPORT | View image in PDF format |
| 03/19/2007 -- ANNUAL REPORT | View image in PDF format |
| 02/10/2006 -- ANNUAL REPORT | View image in PDF format |
| 01/05/2006 -- Amendment | View image in PDF format |
| 02/07/2005 -- ANNUAL REPORT | View image in PDF format |
| 02/06/2004 -- ANNUAL REPORT | View image in PDF format |
| 03/10/2003 -- ANNUAL REPORT | View image in PDF format |
| 03/13/2002 -- ANNUAL REPORT | View image in PDF format |
| 03/01/2001 -- ANNUAL REPORT | View image in PDF format |
| 03/29/2000 -- ANNUAL REPORT | View image in PDF format |
| 03/03/1999 -- ANNUAL REPORT | View image in PDF format |
| 01/30/1998 -- ANNUAL REPORT | View image in PDF format |
| 04/08/1997 -- ANNUAL REPORT | View image in PDF format |
| 06/19/1996 -- ANNUAL REPORT | View image in PDF format |

**Note:** This is not official record. See documents if question or conflict.

**Previous on List** **Next on List** **Return To List** Entity Name Search

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:10-cv-60627-AJ

AUDREY SHAPIRO,

Plaintiff,

vs.

THE BALMORAL CONDOMINIUM
ASSOCIATION, INC.,

Defendant.
_______________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# Exhibit "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:10-cv-60627-AJ

AUDREY SHAPIRO,

Plaintiff,

vs.

THE BALMORAL CONDOMINIUM ASSOCIATION, INC.,

Defendant.

______________________________/

**AFFIDAVIT OF MARCIA CHONCHOL**

Pursuant to 28 U.S.C. § 1746, I Marcia Chonchol, under penalty of perjury, declare as follows:

1. I am over eighteen years of age and am under no legal disability.
2. The statements made in this declaration are true and correct to the best of my knowledge, and I have personal knowledge concerning the statements made herein.
3. I am the Treasurer of Balmoral Condominium Association, Inc.
4. Balmoral Condominium Association, Inc. ("Balmoral" or "Association") is a non-profit corporation located in Miami-Dade County, Florida that manages the Balmoral condominium community located in Miami-Dade County.
5. The Association was neither created for the benefit of, nor serves, the general public.
6. The Association was created for the benefit of, and serves, Balmoral residents.
7. Balmoral operates a gourmet food/convenience store on Balmoral's premises in the lobby.

8. Balmoral operates exclusively within Miami-Dade County, Florida, and its residents and customers are located in Miami-Dade County, Florida.

9. Balmoral's gourmet food/convenience store was neither opened for the benefit of, nor serves, the general public.

10. Balmoral's food/convenience store was opened for the benefit of, and serves, Balmoral residents.

11. Balmoral's gourmet food/convenience store does not provide services or sell goods outside of the state of Florida.

12. Plaintiff Audrey Shapiro formerly worked for Balmoral as its gourmet food/convenience store manager from December 24, 2008 through February 12, 2010.

13. Plaintiff's work included selling food prepared by a restaurant located on Balmoral's premises, and selling food and essential items purchased from local stores within Miami-Dade County, Florida, to Balmoral residents.

14. Plaintiff's work included selling to Balmoral residents located within Miami-Dade County, Florida (1) drinks prepared on the premises of Balmoral's gourmet food/convenience store located on Balmoral's premises, (2) food prepared by a restaurant exclusive to Balmoral residents and their guests located on Balmoral's premises, (3) food purchased from and prepared by local vendors within Miami-Dade County, Florida, and (4) basic food items such as eggs, milk, bread, and candy, and other essential items such as detergent, paper towels, and toothpaste purchased from local vendors within Miami-Dade County, Florida.

15. The items that Plaintiff purchased and handled for the store came from local stores and were for local use.

16. Plaintiff did not order or purchase goods for Balmoral from another state.

17. Plaintiff did not engage in the production of any goods for commerce, did not directly participate in the actual movement of persons or things through interstate commerce, and did not use the instrumentalities of interstate commerce, such as interstate telephone, facsimile, mail or travel, as all of the tasks performed by Plaintiff were in the local South Florida area.

18. The annual gross volume of sales made or business done by Balmoral's gourmet food/convenience store, which opened in 2009, was significantly less than $500,000 throughout its existence and the timeframe that Plaintiff worked for Balmoral. Specifically, the store has operated at a loss throughout its entire existence. The store operated at a loss of approximately $52,000.00 in 2009. *Id.* During the first four months of 2010, the gourmet shop transactions totaled a negative $4,325.42.

19. The total gross income for the Association during any year in which Plaintiff worked for Balmoral has not reached $500,000.00. Specifically, the Association's gross income from sales made/business done during the 2008 and 2009 years totaled $174,117.00 and $132,790.00 respectively, consisting of rental income, work orders, laundry, and "other." During the first four months of 2010, Balmoral's gross income from sales/business done totaled $1,581.94, consisting of work orders, laundry, and non-insurance payment related "miscellaneous."



RECEIVED TIME JUN. 17. 5:05PM PRINT TIME JUN. 17. 5:06PM

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 17th day of June, 2010.

Marcia Chonchol, Trustee.

Marcia Chonchol

STATE OF FLORIDA
Miami-Dade County

The foregoing was acknowledged before me in the aforesaid state and county, this 17th day of June 2010, by Marcia Chonchol, who is personally known to me, or who has produced ____________ as identification.

NOTARY PUBLIC-STATE OF FLORIDA
Henry J. Ramos
Commission #DD862216
Expires: FEB. 25, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

NOTARY PUBLIC
STATE OF FLORIDA AT LARGE

(NOTARIAL SEAL)

Printed Name of Notary

Commission No: ____________

Commission Expiration: ____________



RECEIVED TIME JUN. 17. 5:05PM PRINT TIME JUN. 17. 5:06PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:10-cv-60627-AJ

AUDREY SHAPIRO,

Plaintiff,

vs.

THE BALMORAL CONDOMINIUM
ASSOCIATION, INC.,

Defendant.
______________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# Exhibit "C"

BALMCORD 04/20/2009 11:11 PM

Form **1120-H** Department of the Treasury Internal Revenue Service

# U.S. Income Tax Return for Homeowners Associations

▶ See separate instructions.

OMB No. 1545-0127

**2008**

For calendar year 2008 or tax year beginning , and ending

| | |
|---|---|
| Use IRS label. Otherwise, print or type. Name | THE BALMORAL CONDOMINIUM ASSOC, INC |
| Number, street, and room or suite no. If a P.O. box, see instructions. | 9801 COLLINS AVENUE |
| City or town, state, and ZIP code | BAL HARBOUR FL 33154 |
| Employer identification number | 59-1843961 |
| Date association formed | 7/24/1978 |

Check if: (1) ☐ Final return (2) ☐ Name change (3) ☐ Address change (4) ☐ Amended return

| | | | |
|---|---|---|---|
| A | Check type of homeowners association: ☒ Condominium management association ☐ Residential real estate association ☐ Timeshare association | | |
| B | Total exempt function income. Must meet 60% gross income test (see instructions) | B | |
| C | Total expenditures made for purposes described in 90% expenditure test (see instructions) | C | |
| D | Association's total expenditures for the tax year (see instructions) | D | |
| E | Tax-exempt interest received or accrued during the tax year | E | |

## Gross Income (excluding exempt function income)

| | | | |
|---|---|---|---|
| 1 | Dividends | 1 | |
| 2 | Taxable interest | 2 | 84,969 |
| 3 | Gross rents | 3 | |
| 4 | Gross royalties | 4 | |
| 5 | Capital gain net income (attach Schedule D (Form 1120)) | 5 | |
| 6 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | 6 | |
| 7 | Other income (excluding exempt function income) (attach schedule) STMT 1 | 7 | 174,117 |
| 8 | **Gross income** (excluding exempt function income). Add lines 1 through 7 | 8 | 259,086 |

## Deductions (directly connected to the production of gross income, excluding exempt function income)

| | | | |
|---|---|---|---|
| 9 | Salaries and wages | 9 | |
| 10 | Repairs and maintenance | 10 | |
| 11 | Rents | 11 | |
| 12 | Taxes and licenses | 12 | |
| 13 | Interest | 13 | |
| 14 | Depreciation (attach Form 4562) TOTAL 0 | 14 | 6,394 |
| 15 | Other deductions (attach schedule) STMT 2 | 15 | 253,100 |
| 16 | **Total deductions.** Add lines 9 through 15 | 16 | 259,494 |
| 17 | Taxable income before specific deduction of $100. Subtract line 16 from line 8 | 17 | -408 |
| 18 | Specific deduction of $100 | 18 | 100 |

## Tax and Payments

| | | | |
|---|---|---|---|
| 19 | **Taxable income.** Subtract line 18 from line 17 | 19 | -508 |
| 20 | Enter 30% of line 19. (Timeshare associations, enter 32% of line 19.) | 20 | 0 |
| 21 | Tax credits (see instructions) | 21 | |
| 22 | **Total tax.** Subtract line 21 from line 20. See instructions for recapture of certain credits | 22 | 0 |
| 23 | **Payments:** a 2007 overpayment credited to 2008 — 23a | | |
| | b 2008 estimated tax payments — 23b; c Total ▶ 23c | | |
| | d Tax deposited with Form 7004 — 23d | | |
| | e Credit for tax paid on undistributed capital gains (attach Form 2439) — 23e | | |
| | f Credit for federal tax paid on fuels (attach Form 4136) — 23f | | |
| | g Add lines 23c through 23f | 23g | |
| 24 | **Amount owed.** Subtract line 23g from line 22 (see instructions) | 24 | 0 |
| 25 | **Overpayment.** Subtract line 22 from line 23g | 25 | |
| 26 | Enter amount of line 25 you want: **Credited to 2009 estimated tax** ▶ Refunded ▶ | 26 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

May the IRS discuss this return with the preparer shown below (see instr.)? ☒ Yes ☐ No

Signature of officer [signature] Date 4/13/09 Title [signature]

**Paid Preparer's Use Only**

| | |
|---|---|
| Preparer's signature | Date 4/20/09 |
| Check if self-employed ☐ | Preparer's SSN or PTIN P00171921 |
| Firm's name (or yours if self-employed), address, and ZIP code | RONALD L. MARTIN, CPA, P.A. 1442 LACOSTA DR E PEMBROKE PINES, FL 33027-2304 |
| EIN | 65-0014798 |
| Phone no. | 954-436-2155 |

TAXPAYER COPY

TAXPAYER COPY

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.** Form **1120-H** (2008)

DAA

BALMCOND THE BALMORAL CONDOMINIUM ASSOC, INC 4/20/2009 11:11 PM
59-1843961
FYE: 12/31/2008

# Federal Statements

## Statement 1 - Form 1120-H, Line 7 - Other Income

| Description | Amount |
|---|---|
| RENTAL INCOME | $ 75,273 |
| WORK ORDERS | 66,527 |
| LAUNDRY | 25,835 |
| OTHER INCOME | 6,482 |
| TOTAL | $ 174,117 |

## Statement 2 - Form 1120-H, Line 15 - Other Deductions

| Description | Amount |
|---|---|
| ADMINISTRATIVE AND GENERAL | $ 13,500 |
| INSURANCE | 28,700 |
| PAYROLL | 30,000 |
| PROFESSIONAL FEES | 20,900 |
| REPAIRS AND MAINTENANCE | 85,000 |
| UTILITIES | 75,000 |
| TOTAL | $ 253,100 |