UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 10-60627-CIV-JORDAN

| | |
|---|---|
| AUDREY SHAPIRO | ) |
| Plaintiff | ) ) ) |
| vs. | ) |
| THE BALMORAL CONDOMINIUM ASSOCIATION, | ) ) ) ) |
| Defendant | ) |

**ORDER DENYING MOTION TO DISMISS**

For the reasons stated below, Balmoral Condominium Association's motion to dismiss or, in the alternative, request to convert the motion into a motion for summary judgment [D.E. 12] is DENIED.

**I. FACTUAL BACKGROUND**

Audrey Shapiro was employed as a gourmet food shop manager by the Balmoral Condominium Association from 2008 through the beginning of 2010. She alleges that Balmoral is subject to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, because it is engaged in commerce and / or has employees working on goods moved in commerce and had a revenue in excess of $ 500,000 per annum, and because she was individually engaged in commerce. Furthermore, Ms. Shapiro alleges that Balmoral failed to pay her overtime wages as required under the FLSA, 29 U.S.C. § 207. Balmoral filed a motion to dismiss or, in the alternative, a motion for summary judgment, arguing that it is not subject to the FLSA because is a non-profit corporation, because it did not have annual "sales made or business done" in excess of $ 500,000 per year, and because Ms. Shapiro's activities at Balmoral were "purely local." To support its motion, Balmoral attached several affidavits, numerous receipts documenting purchases of supplies for the gourmet food shop, and tax returns from 2008 and 2009.

**II. LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under

some viable legal theory." *Roe v. Aware Woman Ctr. For Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). The court must limit its consideration to the complaint. *See GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir. 1993). The factual allegations are accepted as true and all reasonable inferences from these allegations are drawn in the plaintiff's favor. *See Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). The plaintiff, however, must allege more than "labels and conclusions." *See Fin. Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007)). The factual allegations in the complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Id.*

As the Eleventh Circuit has noted, under Rule 12(b)(1), a district court is free to entertain facts outside the pleadings when its own jurisdiction is challenged, but "the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*'" *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)) (emphasis provided). In this case, jurisdiction is intertwined with the merits of Ms. Shapiro's claims because the Fair Labor Standards Act "provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *See Morrison*, 323 F.3d at 926.

### III. ANALYSIS

#### A. INDIVIDUAL COVERAGE

Ms. Shapiro alleges that FLSA individual coverage applies because, as a "gourmet food shop manager" whose "primary duties and responsibilities included working in the gourmet food shop," she was "individually engaged in commerce." To be an engaged in commerce under the FLSA an employee "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *See Thorne v. All Restoration Svs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). Ms. Shapiro provides no facts whatsoever to support her claim that she was "individually engaged in commerce" as a gourmet food shop manager, and thus has not set forth "a plausible entitlement to relief." *See Stephens, Inc.,* 500 F.3d at 1282. Although Ms. Shapiro provides a more detailed description of her

duties as a manager in her response to the motion to dismiss, I am limited to consideration of the allegations in the complaint. *See GSW,* 999 F.2d at 1510. Moreover, "the mere fact that the food may have passed in interstate commerce prior to arriving at the restaurant does not mean that [Ms. Shapiro] was engaged in commerce for individual coverage." *See Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 WL 1372457, at *3 (S.D. Fla. 2010) (citation omitted).

### B. ENTERPRISE COVERAGE

Ms. Shapiro also alleges that FLSA enterprise coverage applies to Balmoral because its revenue exceeds $500,000 per annum, and it "engaged in commerce and/or has employees working on goods moved in commerce." Balmoral argues that it does not qualify for enterprise coverage even though its "function income" is in excess of $ 4 million per annum because the statutory term "gross volume of sales made or business done" is limited to "profits earned by the enterprise." Balmoral does not cite any cases or regulation that limit this term to include only an enterprise's profits. Rather, the definition of "gross volume of sales made or business done" includes "the gross dollar volume of any . . . business activity in which the enterprise engages which can be similarly measured on a dollar basis." *See* 29 C.F.R. § 779.258. Therefore, the plain language of § 779.258 does not differentiate between an enterprise's gross income and its profits, and does not preclude condominium dues from being included in the "gross dollar volume" as a "business activity." Moreover, the court in *Jones v. Cadillac Condo. Ass'n., Inc.*, 1989 WL 49156, at *6 (D. Colo. 1989), included homeowner's association fees in the calculation of the association's gross sales to determine whether enterprise coverage was met. Thus, Balmoral's tax returns support a finding of enterprise coverage.

I decline to address Balmoral's argument that it is a non-profit association that does not compete with other commercial enterprises and thus is not subject to the FLSA without providing Ms. Shapiro the opportunity to engage in discovery. *See Ali v. Prestige Window and Door Installation*, 2008 WL 4879265, at *1 (S.D. Fla. 2008) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."). Balmoral is free to raise this argument at the summary judgment stage following discovery.

## IV. CONCLUSION

In conclusion, Balmoral's motion to dismiss or, in the alternative, request to convert motion into motion for summary judgment [D.E. 12] is DENIED.

If Ms. Shapiro wishes to amend her complaint to allege individual coverage, she may do so by August 13, 2010. She need not do so, however, because her current complaint sufficiently alleges enterprise coverage. Balmoral's answer is due August 20, 2010.

DONE and ORDERED in chambers in Miami, Florida, this 3rd day of August, 2010.

*Adalberto Jordan*
Adalberto Jordan
United States District Judge

Copy to:    All counsel of record